**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:20-cv-00139-TBR**

MARK ANTHONY TAYLOR                                                                                       PETITIONER

v.

ANA VALENTINE, Warden                                                                                     Respondent

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Petitioner Mark Taylor's ("Taylor") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [DN 1]. A response limited to the issue of statute of limitations was filed by Respondent. [DN 11]. Taylor filed a reply. [DN 13]. The Magistrate Judge filed Findings of Fact and Conclusions of Law and Recommendation. [DN 14]. Taylor filed objections. [DN 15]. This matter is now ripe for adjudication. Having conducted a *de novo* review of the Magistrate Judge's report, the Court **ADOPTS** the Magistrate Judge's Report and Recommendations [DN 14].

**I. Background**

On December 23, 2010, a grand jury in McCracken Circuit Court indicted Taylor on murder, kidnapping, and tampering with physical evidence. [DN 11-1 at PageID 131]. Taylor was convicted on all three charges. [*Id.*] He was sentenced to life for murder, life without parole on the kidnapping conviction, and five years for the tampering charge on August 9, 2013. [*Id.* at PageID 133]. Taylor appealed his conviction to the Kentucky Supreme Court and his conviction was affirmed on September 24, 2015. [*Id.* at PageID 239]. Taylor was entitled to file a petition for writ of certiorari to the Supreme Court within 90 days. However, Taylor did not file a petition and the time to do so expired on December 23, 2015.

Taylor filed a Motion to Vacate in the McCracken Circuit Court on August 24, 2016. [DN 11-2 at PageID 262]. The Court denied that motion on September 21, 2016. [*Id.* at PageID 313]. Taylor appealed the Court's ruling to the Kentucky Court of Appeals. The Appealate Court affirmed the trial court's ruling on November 16, 2018. [*Id.* at PageID 364]. Taylor then appealed to the Kentucky Supreme Court for discretionary review. However, the Court denied discretionary review on August 21, 2019. [*Id.* at PageID 376]. Taylor filed the present petition on August 20, 2020. [DN 1].

## II. Discussion

### A. Equitable Tolling

Due to Taylor's petition being filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides, in relevant part, as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) and (2).

The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Dunlap v. United States,* 250 F.3d 1001, 1008-09 (6th Cir. 2001). A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently,

2

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Here, the Magistrate Judge found that Taylor filed his petition approximately 8 months late. Taylor agrees that his petition was filed more than one year after his judgment became final. However, he argues he is entitled to equitable tolling.

Once the Kentucky Supreme Court affirmed Taylor's conviction on direct appeal, Taylor was entitled to file a writ of certiorari with the Supreme Court within 90 days pursuant to Supreme Court Rule 13. U.S. Sup. Ct. R. 13 ("[A] petition for a writ of certiorari to review a judgment in any case…entered by a state court of last resort…is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.") Taylor failed to file a writ, so his one-year period of limitation began running on December 23, 2015.

Taylor's time was tolled on August 24, 2016 when he filed a motion to vacate. However, 245 days of Taylor's one-year limitation had passed. Taylor's time was tolled from August 24, 2016 to August 21, 2019 when the Kentucky Supreme Court denied discretionary review of his motion to vacate. On August 21, 2019, Taylor had 120 days to file his petition within the one-year limitation. Taylor's remaining 120 days expired on December 19, 2019. He did not file his petition with this Court until August 20, 2020—almost 8 months later.

Taylor argues he is entitled to equitable tolling because the law library/legal services office at Kentucky State Reformatory had an "erratic" schedule, "the I.T. Department interfered with he availability of computer access", and the Covid-19 pandemic has resulted in lockdowns and

limited library access. Taylor does not object to the Magistrate Judge's finding that Taylor's attorney wrongly advising him on the limitations does not entitle Taylor to equitable tolling.

Taylor correctly cites a recent opinion that stated, "[t]he COVID-19 pandemic may very well qualify as an 'extraordinary' circumstance that warrants equitable tolling for the purposes of § 2255." *United States v. Smith,* 2020 U.S. Dist. LEXIS 125560, at *5 (D. Md. July 16, 2020). However, the pandemic cannot serve as a qualifying circumstance here. The vast majority of Taylor's time expired from December 23, 2015 to August 24, 2016. This was prior to the pandemic and the issues with library availability began. Taylor states the issues with availability of the law library began August 2019. Shutdowns due to the Covid-19 pandemic did not begin until March 2020. Therefore, neither of these reasons can excuse the 245 days expired prior to August 2019. Further, neither of these reasons can toll Taylor's remaining 120 days. The Court in *Smith* was considering a § 2255 petition. Here, Taylor filed under § 2254.

In *Maclin v. Robinson,* Maclin alleged he was entitled to equitable tolling because "he was not allowed as many weekly hours in the prison law library as prison policy dictated he should be" and the prison interfered with his access to the courts. 74 Fed. Appx. 587, 588 (6th Cir. 2003). The district court found Maclin filed an untimely petition and was not entitled to equitable tolling. *Id.* The Sixth Circuit affirmed the district court's holding. *Id.* at 589. "Maclin estimated that he had access to the law library for approximately 1.5 hours a week. While it was not the six hours to which he claims he was entitled under prison policy, Maclin has not pointed to any authority for the proposition that being permitted only 1.5 hours of library access a week constitutes a state-created impediment to his access to the courts". *Id.*

Here, Taylor states library access was limited to one day a week with a two-hour time period. [DN 15 at 4]. "[R]estrictions of prisoner library time are constitutional so long as those

4

restrictions do not deny a prisoner's access to the courts." *Id.* (citing *Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir. 1985)). Though access to the law library was limited, Taylor was not denied complete access to the court. Taylor also has not provided any evidence of the I.T. Department interfering with the computers. Taylor's bare assertions are not enough.

Taylor's one-year limitation expired on December 19, 2019—months before the Covid-19 virus spread across the country.[1] The virus cannot serve as an extraordinary circumstance when the virus was not present in this country prior to Taylor's filing deadline. Due to Taylor's failure to establish extraordinary circumstances, this Court need not determine if Taylor exercised due diligence.

**B. Certificate of Appealability**

In the event that Taylor appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present, and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id.* This

---

[1] *A Timeline of COVID-19 Developments in 2020,* https://www.ajmc.com/view/a-timeline-of-covid19-developments-in-2020 (last accessed March 5, 2021).

5

Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

### III. Conclusion

The above matter having been referred to the United States Magistrate Judge, who has filed his Findings of Fact and Conclusions of Law, objections having been filed thereto, and the Court having considered the same,

**IT IS HEREBY ORDERED** that the Court adopts the Findings of Fact and Conclusions of Law as set forth in the report submitted by the United States Magistrate Judge. [DN 14].

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DN 1] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** as to each claim asserted in the petition.

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 8, 2021

cc: Mark Anthony Taylor
    262964
    Kentucky State Reformatory
    3001 W. Highway 146
    LaGrange, KY 40032
    PRO SE